By the Court.
On August 4,1877, the Council of the Village of Franklin, Warren county, Ohio, passed an ordinance “ for the annexation of contiguous territory ” to the village, and appointing A. G. McBurney, “ to prosecute the proceedings necessary to effect such annexation.” Two successive applications to the commissioners of the county, were granted by that body; but the courts reversed their action, because of defects not affecting the validity of the ordinance, or the merits of the application. On the twenty-ninth of June, 1878, a third application was presented to the county commissioners. On hearing, after due notice, they granted it. Croll and others, resident in the territory ordered to be annexed, sued in the common pleas to enjoin the further proceedings required to complete the annexa *341 tion. The act of March 1,1877 (74 Ohio L., 36), was in force when the ordinance was passed. The municipal code, passed May 14, 1878, repealed said act. Section three (75 Ohio L., 165,) provided that “ the territorial limits of * * existing corporations shall remain as they are until changed in the manner herein provided.” Section eight (same page) kept in force all ordinances “ not inconsistent with this title.” The only change from the act of March 1, 1877, was the substitution of the words, “When the inhabitants generally of any municipal corporation shall desire,” for the words, “ When any municipal corporation shall desire.” Held: 1. This change of phrase made no change in meaning. No mode being provided for ascertaining what “ the inhabitants generally ” desired, the act of their representatives in council assembled expressed that desire. 2. The ordinance was “ not inconsistent ” with the title referred to in the municipal code; it continued in force and, while unrepealed, gave full authority to the designated agent “to prosecute the proceedings necessary to effect such annexation ” until he succeeded, or was barred by a final decision on the merits.

Judgments below affirmed'L